Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ETHEL H. VOLLMERS, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law for the Death of Her Husband, CONRAD H. VOLLMERS, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

**Workmen's Compensation Law — plumber employed in maintenance of ways department of railroad company engaged in interstate commerce.**

A plumber employed in the maintenance of ways department of the New York Central Railroad Company for a period of years, whose duties required him to be in and about the railroad properties generally, was engaged in interstate commerce when run over and killed while crossing the tracks in front of the station in which he had been working.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendant, The New York Central Railroad Company, from a decision and award of the State Industrial Commission rendered on the 15th day of December, 1915.

*Visscher, Whalen & Austin,* for the appellant.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

WOODWARD, J.:

There is only one question involved in this appeal, and that is whether Conrad H. Vollmers was engaged in interstate commerce at the time he was run over and killed at Hillsdale, on the Harlem branch of the New York Central Railroad Company. There is no doubt that the New York Central Railroad Company, as now organized, is engaged in interstate commerce generally, and, of course, its Harlem division is a part of the general system. Vollmers was a plumber employed in the maintenance of ways department of the New York Central Railroad Company, and had been so employed for a period of two years, and the general scope of his employment would seem to suggest that he was engaged in interstate commerce operations. The true test is, " Is the work in question a part of the interstate commerce in which the carrier is engaged? " say the court in *Pedersen* v. *D., L. & W. R. R.* (229 U. S. 146, 152), and then adds: " Of course, we are not here concerned with the construction of tracks, bridges, engines or cars which have not as yet become instrumentalities in such commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities and during their use as such." (See *New York Central R. R. Co.* v. *White,* 243 U. S. 188, 192.) Vollmers was an employee in the maintenance of ways department of an interstate railroad, and he was engaged at the time in the inspecting and repairing of pipes, which constituted a part of the plumbing apparatus beneath the station, and while thus employed he had occasion to cross the tracks in front of the station, and was struck by an engine and killed. The fact is found that his crossing of the tracks was in connection with his employment. It seems clear, under

the rule prevailing in the Supreme Court of the United States, that Vollmers was engaged in the maintenance of an instrumentality of interstate commerce; he was doing the work necessarily involved in the maintenance of ways department. The stations actually in use in the carrying on of interstate commerce are clearly instrumentalities of such commerce, and it is necessary to their proper maintenance that the plumbing should be kept in repair. The position of Vollmers was not merely of a plumber called in to do an incidental job; he was in the employ of a department of the corporation devoted, not to the construction, but to the maintenance of ways, and this required him to be in and about the railroad properties generally, doing such repairs as were needed, whether in the station houses or outside of them. To say that such a man, identified with a department for the particular purpose, is not engaged in interstate commerce is to ignore the facts and the rulings of law made by the courts of last resort, and may not be sustained.

The award should be reversed, and the claim dismissed.

All concurred, except KELLOGG, P. J., and LYON, J., who dissented.

Award reversed and claim dismissed.